******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF GLASTONBURY *v.* JOHN ALAN
SAKON ET AL.
(AC 38413)

Alvord, Prescott and Bear, Js.

*Argued February 8, 2017—officially released May 2, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Robaina, J. [motion to strike]; Vacchelli, J.
[motion to strike and judgment of nonsuit])

*John Alan Sakon*, self-represented, the appellant
(named defendant).

*Latonia C. Williams*, with whom, on the brief, was
*Eric S. Goldstein*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant John Alan Sakon appeals from the orders of the trial court striking his special defenses and from the judgment of nonsuit entered with respect to his counterclaims.[1] On appeal, the defendant claims that the court improperly granted the plaintiff's motion to strike his original and his substitute special defenses and counterclaims. The appeal is dismissed in part, and the judgment of the trial court is affirmed in part.

The defendant is the record owner of two properties in Glastonbury. The defendant failed to pay the property taxes on his properties for the years 2009, 2010, 2011, 2012, and 2013. As a result, the plaintiff, the town of Glastonbury, assessed tax liens against the defendant's properties for the unpaid real property taxes (tax liens).

On November 6, 2012, the plaintiff commenced this action to foreclose on the 2009, 2010, and 2011 tax liens for the defendant's two properties by filing a two count complaint, in which each count pertained to one of the defendant's two properties. On August 27, 2013, the plaintiff filed a motion for default for failure to plead, which was granted on September 4, 2013. On December 10, 2013, the plaintiff filed a motion for judgment of foreclosure by sale. On December 18, 2013, the defendant filed his answer to the plaintiff's complaint, which contained six special defenses and seven counterclaims (original special defenses and counterclaims). On January 29, 2014, the defendant filed a motion to open the default, which was granted on February 10, 2014. On March 12, 2014, the plaintiff filed a motion to strike the original special defenses and counterclaims (first motion to strike).

On August 13, 2014, the plaintiff filed an amended two count complaint, in which it additionally sought to foreclose on the 2012 and 2013 tax liens for the defendant's two properties and clarified its description of the defendant's properties (operative complaint).

On November 21, 2014, the court, *Robaina, J.*, granted the plaintiff's first motion to strike. On December 10, 2014, the defendant filed a revised motion for reconsideration of the court's order granting the plaintiff's first motion to strike. On December 11, 2014, the defendant filed an amended answer in response to the operative complaint, which contained special defenses and counterclaims that were substantially similar to those raised in his original answer (amended special defenses and counterclaims). On December 24, 2014, the plaintiff filed a motion to strike the defendant's amended special defenses and counterclaims (second motion to strike).

On December 29, 2014, the court denied the defendant's revised motion for reconsideration of the court's order granting the plaintiff's first motion to strike. On

January 5 and 6, 2015, and February 4, 2015, the defendant filed motions for extension of time to file a substitute pleading pursuant to Practice Book § 10-44.[2] On February 11, 2015, the defendant filed a substitute answer, in which he raised four special defenses and two counterclaims (substitute special defenses and counterclaims). On March 16, 2015, the court concluded that the second motion to strike was moot because "[t]he operative substitute special defenses and counterclaims are those filed on February 11, 2015."

On March 31, 2015, the plaintiff filed a motion to strike the substitute special defenses and counterclaims (third motion to strike) and a motion for judgment of nonsuit as to the counterclaims. On July 9, 2015, the court, *Vacchelli, J.*, applying the law of the case doctrine, granted the third motion to strike because the substitute special defenses and counterclaims "all attempt the exact same challenges previously ruled to be legally insufficient" by the court on November 11, 2014. The court also entered a default against the defendant as to his special defenses and a judgment of nonsuit against the defendant and in favor of the plaintiff with respect to the defendant's counterclaims.

On July 24, 2015, the plaintiff moved for summary judgment as to liability on both counts of the operative complaint. On July 27, 2015, the defendant filed a motion for reconsideration of the court's order granting the plaintiff's third motion to strike, which was denied on August 12, 2015. On September 25, 2015, the defendant filed the present appeal, in which he challenges the orders of the court striking the original and substitute special defenses and counterclaims.[3]

On January 4, 2016, the court granted the plaintiff's motion for summary judgment as to liability. On July 13, 2016, the plaintiff filed a motion for judgment of foreclosure by sale, which the court granted on August 8, 2016.

I

We first consider the portion of the defendant's appeal that pertains to the court's granting of the plaintiff's motions to strike the original and substitute special defenses, which we dismiss for lack of a final judgment.

"The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary." (Internal quotation marks omitted.) *Canty* v. *Otto*, 304 Conn. 546, 554, 41 A.3d 280 (2012).

"The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court

level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear." (Citations omitted; internal quotation marks omitted.) *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.*, 290 Conn. 767, 793–94, 967 A.2d 1 (2009). "[T]he measuring point for determining if an appeal is from a final judgment is when the appeal is filed." *Tyler* v. *Tyler*, 163 Conn. App. 594, 617, 133 A.3d 934 (2016); see also *Zamstein* v. *Marvasti*, 240 Conn. 549, 554–557, 692 A.2d 781 (1997).

"The granting of a motion to strike a special defense is not a final judgment and is therefore not appealable. . . . The striking of special defenses neither terminates a separate proceeding nor so concludes the rights of the parties that further proceedings cannot affect them." (Internal quotation marks omitted.) *JP Morgan Chase Bank, Trustee* v. *Rodrigues*, 109 Conn. App. 125, 129–30, 952 A.2d 56 (2008); accord *Egri* v. *Foisie*, 83 Conn. App. 243, 249, 848 A.2d 1266, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004). In the present case, the defendant filed his appeal before the court rendered a final judgment in the plaintiff's tax lien foreclosure action. Accordingly, we cannot consider the portion of the defendant's appeal that pertains to the striking of his special defenses.

The defendant nevertheless contends that this court has jurisdiction over these claims because the judgment of nonsuit entered after the court struck his special defenses constitutes a final judgment. The defendant is correct that a judgment of nonsuit is an appealable final judgment. *Null* v. *Jacobs*, 165 Conn. App. 339, 354, 139 A.3d 709 (2016). In its July 9, 2015 order, however, the court did not enter a judgment of nonsuit with respect to the defendant's special defenses. Instead, the court entered a default against the defendant with respect to his special defenses and a judgment of nonsuit only with respect to his counterclaims.

The defendant also argues that this court has jurisdiction over his claims pertaining to his special defenses because his first special defense in the substitute answer[4] challenged the subject matter jurisdiction of the court. The defendant is correct that the parties or the court may raise the question of subject matter jurisdiction at any time. *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 548, 133 A.3d 140 (2016). Nevertheless, to hear and to determine the defendant's claim that the trial court lacked subject matter jurisdiction over the tax lien foreclosure action, this court must first have subject matter jurisdiction over the defendant's appeal. As we previously stated, however, we do not have subject matter jurisdiction over that portion of the defendant's appeal that pertains to the court's granting of the plaintiff's motions to strike his special defenses.

Accordingly, the portion of the defendant's appeal

that pertains to the court's granting of the plaintiff's motions to strike his special defenses is dismissed.

## II

We next address the defendant's claim that the court abused its discretion by striking the original and substitute counterclaims. The plaintiff argues that the defendant waived his right to challenge the court's decision to strike his original counterclaims by filing the substitute counterclaims. Additionally, the plaintiff argues that the court did not abuse its discretion by striking the substitute counterclaims because they challenge the enactment and enforcement of the plaintiff's zoning regulations rather than the making, validity, or enforcement of the tax liens. We agree with the plaintiff.

## A

The defendant first claims that the court, *Robaina, J.*, improperly granted the plaintiff's first motion to strike his original counterclaims. We conclude that the defendant waived his right to challenge the court's striking of the original counterclaims by filing the substitute counterclaims.

Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . ." "This court has stated that [a]fter a court has granted a motion to strike, [a party] may either amend his pleading or, on the rendering of judgment, file an appeal. . . . The choices are mutually exclusive [as] [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading. . . . Stated another way: When an amended pleading is filed, it operates as a waiver of the original pleading. The original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment, and previous rulings on the original pleading cannot be made the subject of appeal." (Citation omitted; internal quotation marks omitted.) *Ed Lally & Associates, Inc.* v. *DSBNC, LLC*, 145 Conn. App. 718, 745–46, 78 A.3d 148, cert. denied, 310 Conn. 958, 82 A.3d 626 (2013).

In the present case, the defendant filed his original answer, special defenses, and counterclaims. The plaintiff thereafter filed its first motion to strike, which the court subsequently granted. In response, the defendant filed a motion for reconsideration. While the motion for reconsideration was pending, the defendant filed an amended answer in response to the operative complaint, in which he alleged special defenses and counterclaims that were substantially similar to those raised in the original answer. Approximately two weeks later, the court denied the defendant's motion for reconsideration. Thereafter, the defendant filed motions for extension of time specifically to file a substitute pleading

pursuant to Practice Book § 10-44.[5] The motions were granted and the defendant subsequently filed the substitute answer, in which he reformulated his special defenses and counterclaims.

By exercising his right pursuant to Practice Book § 10-44 to file the substitute counterclaims in response to the court's denial of his revised motion for reconsideration of the plaintiff's first motion to strike, the defendant waived his right to claim that the court erred in granting the first motion to strike.

B

The defendant also claims that the court, *Vacchelli, J.*, improperly granted the plaintiff's third motion to strike his substitute counterclaims. In particular, the defendant argues that the court misapplied the law of the case doctrine. We disagree.

The following additional facts are relevant to this claim. In his original answer, the defendant raised seven counterclaims. The essence of those claims was that the plaintiff's enactment and enforcement of its zoning regulations deprived him of the ability to use his properties, thereby violating his state and federal constitutional rights.[6] On November 21, 2014, the court, *Robaina, J.*, granted the first motion to strike, in which the plaintiff argued that the original counterclaims were legally insufficient. The court in its memorandum of decision agreed with the plaintiff that the original counterclaims were legally insufficient because, although "the plaintiff's enforcement of the zoning regulations relates to the properties it seeks to foreclose upon, it does not relate to the making, validity, or enforcement of the tax liens themselves. The ability of the plaintiff to enforce the tax liens is not dependent on the alleged wrongful enforcement of the zoning regulations."

The defendant thereafter filed the substitute answer, in which he alleged two counterclaims. The first substitute counterclaim alleges that the plaintiff "sought to, under the color or authority of its regulations . . . discriminate between developments similarly situated" and, in violation of his constitutional rights, prevented him from using his properties. The second substitute counterclaim alleges that the plaintiff "abused the process" by "prosecuting [him] for the tax(es) and creating the lien(s) after depriving [him] of his property rights guaranteed by the Constitution and laws." In response, the plaintiff filed its third motion to strike, arguing that the substitute counterclaims, like the original counterclaims, were legally insufficient. On July 9, 2015, the court, applying the law of the case doctrine, granted the third motion to strike. The court reasoned that although "[t]he new special defenses and counterclaims contain new language and, in part, arguably different legal theories . . . they all attempt the exact same challenges previously ruled to be legally insufficient. Judge Robai-

na's decision was not clearly erroneous, nor would it work a manifest injustice if followed. Therefore, it is the law of the case."

We begin with the law and standards of review that govern our analysis. Practice Book § 10-10 provides in relevant part that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ." "This section is a common-sense rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy." (Internal quotation marks omitted.) *JP Morgan Chase Bank, Trustee* v. *Rodrigues*, supra, 109 Conn. App. 131.

"While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the [lien] fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) *CitiMortgage, Inc.* v. *Rey*, 150 Conn. App. 595, 600, 92 A.3d 278, cert. denied, 314 Conn. 905, 99 A.3d 635 (2014).

"[A] trial court's determination of whether a particular counterclaim fits within the parameters of Practice Book § 10-10 requires a reviewing court only to assess whether, in coming to its conclusions, the court abused its discretion." Id., 601.

Conversely, "[t]he application of the law of the case doctrine involves a question of law, over which our review is plenary. . . . The law of the case doctrine expresses the practice of judges generally to refuse to reopen what [already] has been decided . . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . [When] a matter has previously been ruled [on] interlocutorily, the court . . . may treat that [prior] decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." (Internal quotation marks omitted.) *Brown* v. *Otake*, 164 Conn. App. 686, 702–703, 138 A.3d 951 (2016).

In the present case, the defendant in his original counterclaims alleged that the plaintiff's enactment and

enforcement of its zoning regulations violated his constitutional rights. The plaintiff moved to strike the original counterclaims because they did not relate to the making, validity, or enforcement of the tax liens at issue in its complaint. The court, on that basis, granted the first motion to strike. The defendant thereafter filed the substitute counterclaims. As the court correctly observed when ruling on the third motion to strike, the substitute counterclaims substantively presented the same legal issues as the original counterclaims that were previously stricken for being legally insufficient. That is, the substitute counterclaims, like the original counterclaims, raised constitutional challenges to the plaintiff's enactment and enforcement of its zoning regulations rather than claims related to the making, validity, or enforcement of the tax liens at issue in the plaintiff's complaint.

Accordingly, we reject the defendant's arguments that the court improperly applied the law of the case doctrine when striking the substitute counterclaims.[7] We further conclude that the court did not abuse its discretion by granting the plaintiff's third motion to strike because the substitute counterclaims did not relate to the making, validity, or enforcement of the tax liens at issue in in the plaintiff's complaint.

The defendant's appeal is dismissed with respect to his special defenses. The judgment is affirmed in all other respects.

[1] Several additional parties were named as defendants in this action, but they have not participated in this appeal. We therefore refer in this opinion to John Alan Sakon as the defendant.

[2] Practice Book § 10-44 states in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . ."

[3] After the parties filed their briefs in this appeal, the defendant amended the appeal twice. On December 7, 2016, this court sua sponte ordered that the issues raised in the defendant's amendments to this appeal be briefed and considered separately from this appeal. See Practice Book § 61-9. As a result, the only issues addressed in this opinion are the defendant's challenges to the court's granting of the first motion to strike and the third motion to strike.

[4] The defendant's first special defense alleged: "The plaintiff's liens . . . for taxes, if due at all, are due on other properties and/or differently described properties, and therefore, are unenforceable and/or void."

[5] The defendant argues that the operative answer "was an answer to the [operative] complaint" and "was not a substituted answer to correct the deficiencies noted in [Judge] Robaina's decision . . . ." The defendant's argument, however, is contradicted by his assertions in his motion for an extension of time to file a substitute answer.

[6] The first and second counterclaims alleged unlawful taking in violation of the state and federal constitutions. The third, fourth, and fifth counterclaims alleged equal protection violations under the state and federal constitutions. The sixth and seventh counterclaims alleged civil rights violations under state and federal law.

[7] The defendant alleges that if he is not permitted to bring his counterclaims in the present case, he will never have the opportunity to challenge the constitutionality of the plaintiff's zoning regulations, which have allegedly deprived him of any legal use of his properties. He argues, therefore, as a matter of equity, this court should permit his counterclaims to proceed so that he can vindicate his constitutional rights, "[e]ven though they do not have any connection with the making, validity, or enforcement of the tax liens . . . ."

"[A] counterclaim is a cause of action existing in favor of the defendant

against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." (Internal quotation marks omitted.) *Fairfield Lease Corp.* v. *Romano's Auto Service*, 4 Conn. App. 495, 496, 495 A.2d 286 (1985). Simply because a defendant could raise a claim in a separate cause of action, however, does not mean that a defendant is permitted to raise that same claim as a counterclaim. Practice Book § 10-10 provides that a counterclaim must arise "out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ." The purpose of this rule "is to enhance judicial economy, [to avoid] multiplicity of litigation, and [to avoid] piecemeal disposition of what is essentially one action . . . ." (Internal quotation marks omitted.) *Ceci Bros., Inc.* v. *Five Twenty-One Corp.*, 81 Conn. App. 419, 423 n.3, 840 A.2d 578, cert. denied, 268 Conn. 922, 846 A.2d 881 (2004).

In the present case, the defendant's counterclaims do not arise out of the same transaction as this tax lien foreclosure action. As a result, it does not advance the interests of judicial economy to litigate the defendant's causes of action together with the plaintiff's.

———————————————