******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WELLS FARGO BANK, N.A., TRUSTEE *v.*
MICHAEL JOHN MELAHN ET AL.
(AC 39426)

Sheldon, Bright and Bear, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property
of the defendant M, who filed a second amended answer with special
defenses and an eight count counterclaim. The counterclaim included
claims for, inter alia, intentional and negligent misrepresentation, which
were based in part on the plaintiff's past failure to comply with the
notice provisions of the uniform foreclosure standing orders and on
certain alleged misrepresentations by the plaintiff that induced M to
enter into the mortgage and loan agreement. Thereafter, the plaintiff
filed a motion to strike M's special defenses and all eight counts of the
counterclaim, which the trial court granted on the grounds of legal
insufficiency and that seven of the counterclaims did not relate to the
making, validity, or enforcement of the note and mortgage, and, there-
fore, failed the transaction test. Subsequently, the trial court rendered
judgment on the counterclaim in favor of the plaintiff, from which M
appealed to this court. *Held* that the trial court did not abuse its discre-
tion when it struck M's eight count second amended counterclaim on
the grounds of legal insufficiency and a failure to meet the transaction
test, and it properly rendered judgment in favor of the plaintiff after
having stricken each count of the second amended counterclaim despite
M's attempt to replead four of the eight stricken counts by adding
a conclusory sentence to each of those counts; moreover, this court
dismissed M's appeal from the striking of the special defenses because
that portion of the appeal was not from an appealable final judgment.

Argued February 5—officially released May 1, 2018

*Procedural History*

Action to foreclose a mortgage on certain of the
named defendant's real property, and for other relief,
brought to the Superior Court in the judicial district of
Danbury, where the named defendant was defaulted
for failure to appear; thereafter, the court, *Pavia, J.*,
granted the plaintiff's motion for judgment of strict
foreclosure and rendered judgment thereon; subse-
quently, the court, *Pavia, J.*, opened the judgment and
granted the motion to dismiss filed by the named defen-
dant; thereafter, the court, *Pavia, J.*, granted the plain-
tiff's motion to reargue and vacated its order of
dismissal, and the named defendant appealed to this
court, which reversed the trial court's judgment and
remanded the matter for further proceedings; subse-
quently, the named defendant filed amended special
defenses and a counterclaim; thereafter, the court,
*Russo, J.*, granted the plaintiff's motion to strike the
amended special defenses and counterclaim; subse-
quently, the named defendant filed a motion to amend
the counterclaim; thereafter, the court, *Russo, J.*, ren-
dered judgment on the counterclaim for the plaintiff,
from which the named defendant appealed to this court.
*Appeal dismissed in part; affirmed in part.*

*Ridgely Whitmore Brown*, with whom, on the brief,
was *Benjamin Gershberg*, for the appellant (named

defendant).

*Marissa I. Delinks*, with whom, on the brief, was *Valerie N. Doble*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Michael John Melahn,[1] appeals, specifically pursuant to Practice Book § 61-2,[2] from the judgment of the trial court rendered in favor of the plaintiff, Wells Fargo Bank, N.A., as trustee, on the defendant's second amended counterclaim. In his appellate brief, the defendant also claims to be appealing from the court's order striking his amended special defenses. We dismiss the appeal as to the striking of the special defenses, and we affirm the judgment in all other respects.

This foreclosure case returns to us following our remand in *Wells Fargo Bank, N.A.* v. *Melahn*, 148 Conn. App. 1, 12–13, 85 A.3d 1 (2014). In that appeal, this court, despite the running of the law day, reversed the judgment of strict foreclosure and remanded the case to the trial court because the plaintiff had failed to comply with the foreclosure standing orders by giving timely notice to the defendant of certain important terms of the foreclosure judgment and the adverse consequences of his continued failure to take action. Id., 4, 12–13. Moreover, the plaintiff incorrectly had certified to the court that the required notice had been provided to the defendant when, in fact, it had not been provided. Id., 6, 12–13.

After the case was remanded to the trial court, the defendant, on June 4, 2015, filed an answer with special defenses and a four count counterclaim, which included a count alleging no specific cause of action, a count alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., a count alleging breach of contract/breach of the implied covenant of good faith and fair dealing, and a count alleging fraudulent or negligent misrepresentation. The plaintiff moved to strike the special defenses and the counterclaim, alleging, in relevant part, that all counts of the counterclaim were legally insufficient. The defendant, thereafter, consented to the granting of that motion.

On August 28, 2015, the defendant filed an amended answer with special defenses and a four count counterclaim, which included counts for (1) tortious predatory lending and foreclosure practices, (2) a CUTPA violation, (3) breach of contract/breach of the implied covenant of good faith and fair dealing, and (4) fraudulent and negligent misrepresentation. The plaintiff again moved, in relevant part, to strike all counts of the counterclaim on the ground of legal insufficiency. On September 10, 2015, the court granted the motion to strike.

On October 26, 2015, the defendant filed a second amended answer with special defenses and an eight count counterclaim. The alleged factual basis for the defendant's counterclaim was, in relevant part, as follows: The defendant, his wife, and his mother-in-law

reside in the subject property. The defendant was non-appearing in the initial foreclosure. The plaintiff had failed to comply with the uniform foreclosure standing orders by sending a letter, via regular and certified mail, to the defendant regarding the rendering of judgment. See *Wells Fargo Bank, N.A.* v. *Melahn*, supra, 148 Conn. App. 4. The plaintiff negligently misrepresented facts that induced the defendant to enter into the mortgage and loan agreement, despite the defendant's inability to pay the loan on a long-term basis, and the plaintiff benefited from these misrepresentations. The plaintiff made several misrepresentations that it knew, or should have known, to be false, and, as a result of these misrepresentations, the defendant was harmed.

On the basis of these alleged facts, the defendant set forth the following numbered counts in his counterclaim: (1) negligent misrepresentation, (2) intentional misrepresentation and fraud, (3) breach of contract/breach of the implied covenant of good faith and fair dealing, (4) a violation of CUTPA, (5) wanton and reckless violation of CUTPA, (6) a violation of CUTPA, (7) a violation of CUTPA with an ascertainable loss, and (8) a violation of CUTPA with punitive damages. The plaintiff objected to the second amended answer with special defenses and counterclaim on the ground that the defendant had failed to comply with Practice Book (2015) § 10-60 (a).[3] The court sustained the objection and ordered the second amended answer with special defenses and counterclaim stricken.

On November 12, 2015, the defendant refiled his second amended answer with special defenses and an eight count counterclaim. In response, on November 25, 2015, the plaintiff filed a motion to strike with prejudice the defendant's refiled pleading on the ground that the special defenses and each count of the counterclaim were legally insufficient. The plaintiff alleged, in relevant part, that counts one, two, four, five, six, seven, and eight of the counterclaim failed to allege required elements, and did not relate to the making, validity, or enforcement of the note and mortgage, and that they, therefore, failed the transaction test. See *CitiMortgage, Inc.* v. *Rey*, 150 Conn. App. 595, 605, 92 A.3d 278 ("counterclaim must . . . have a sufficient relationship to the making, validity or enforcement of the subject note or mortgage in order to meet the transaction test," although it need not "directly attack the making, validity or enforcement of the subject mortgage or note"), cert. denied, 314 Conn. 905, 99 A.3d 635 (2014). As to count three of the counterclaim, the plaintiff alleged that it failed to identify a breach by the plaintiff. The court, in a thorough memorandum of decision, issued on May 20, 2016, granted the plaintiff's motion on the grounds advanced by the plaintiff.

On June 6, 2016, the defendant filed an "amendment of counterclaim after motion to strike," which sought

to add a single paragraph to counts one through four, providing: "The above facts implicate the making, validity, and enforcement of the original note and arise out of the same transactional facts that are the subject of [the] plaintiff's complaint." In that pleading, the defendant also stated that he would be filing a motion to reargue the other stricken counts of his counterclaim within twenty days.[4]

On June 21, 2016, the plaintiff filed a motion for judgment on the defendant's counterclaims on the basis of the court's May 20, 2016 decision striking each count. In that motion, the plaintiff also objected to the June 6, 2016 purported amendment on the ground that it was improper and did not constitute a new pleading that required a response. The defendant did not file an objection to the motion for judgment. The court, apparently in agreement with the plaintiff, rendered judgment on the counterclaim in favor of the plaintiff.[5] The defendant, thereafter, filed the present appeal in which he claims that the court improperly struck his eight count counterclaim and his special defenses.

As to the defendant's appeal from the striking of his special defenses, we conclude that this portion of the appeal must be dismissed for lack of a final judgment. See *Glastonbury* v. *Sakon*, 172 Conn. App. 646, 651, 161 A.3d 657 (2017) (' "The granting of a motion to strike a special defense is not a final judgment and is therefore not appealable. . . . The striking of special defenses neither terminates a separate proceeding nor so concludes the rights of the parties that further proceedings cannot affect them.' ").

We next consider the propriety of the court's judgment in favor of the plaintiff on the defendant's second amended counterclaim. After reviewing the record, in conjunction with the parties' appellate briefs and arguments, we conclude that the court did not abuse its discretion when, on May 20, 2016, it struck the defendant's eight count second amended counterclaim on the grounds of legal insufficiency and a failure to meet the transaction test. See *Bank of America, N.A.* v. *Aubut*, 167 Conn. App. 347, 370, 143 A.3d 638 (2016); *CitiMortgage, Inc.* v. *Rey*, supra, 150 Conn. App. 605–607. We further conclude that the court, on July 5, 2016, properly rendered judgment in favor of the plaintiff after having stricken each count of the second amended counterclaim on May 20, 2016, despite the defendant's June 6, 2016 attempt to replead four of the eight stricken counts by merely adding a conclusory sentence to each of them. See *Glastonbury* v. *Sakon*, supra, 172 Conn. App. 657–59 (court properly rendered judgment after striking counts in substitute counterclaim when defendant presented same legal issues as alleged in counts of original counterclaim, which was stricken for legal insufficiency).

The appeal is dismissed with respect to the striking

of the defendant's special defenses; the judgment is affirmed in all other respects.

[1] The plaintiff also named Danbury Radiological Associates, P.C., and Danbury Hospital as defendants in the foreclosure action. The only defendant who is a party to this appeal, however, is Melahn. Accordingly, all references to the defendant in this opinion are to Melahn.

[2] Practice Book § 61-2 provides: "When judgment has been rendered on an entire complaint, counterclaim or cross complaint, whether by judgment on the granting of a motion to strike pursuant to Section 10-44, by dismissal pursuant to Section 10-30, by summary judgment pursuant to Section 17-44, or otherwise, such judgment shall constitute a final judgment.

"If at the time a judgment referred to in this section is rendered, an undisposed complaint, counterclaim or cross complaint remains in the case, appeal from such a judgment may be deferred (unless the appellee objects as set forth in Section 61-5) until the entire case is concluded by the rendering of judgment on the last such outstanding complaint, counterclaim or cross complaint.

"If the judgment disposing of the complaint, counterclaim or cross complaint resolves all causes of action brought by or against a party who is not a party in any remaining complaint, counterclaim, or cross complaint, a notice of intent to appeal in accordance with the provisions of Section 61-5 must be filed in order to preserve the right to appeal such a judgment at the conclusion of the case."

[3] Practice Book (2015) § 10-60 (a) provides: "Except as provided in Section 10-66, a party may amend his or her pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section in the following manner:

"(1) By order of judicial authority; or

"(2) By written consent of the adverse party; or

"(3) By filing a request for leave to file such amendment, with the amendment appended, after service upon each party as provided by Sections 10-12 through 10-17, and with proof of service endorsed thereon. If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party. If an opposing party shall have objection to any part of such request or the amendment appended thereto, such objection in writing specifying the particular paragraph or paragraphs to which there is objection and the reasons therefor, shall, after service upon each party as provided by Sections 10-12 through 10-17 and with proof of service endorsed thereon, be filed with the clerk within the time specified above and placed upon the next short calendar list."

[4] But see Practice Book § 10-44, which provides: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint, or any count in a complaint, counterclaim or cross complaint has been stricken, and the party whose pleading or a count thereof has been so stricken fails to file a new pleading within that fifteen day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint, counterclaim or cross complaint, or count thereof. Nothing in this section shall dispense with the requirements of Sections 61-3 or 61-4 of the appellate rules."

[5] The defendant, in his appellate brief, refers to his June 6, 2016 amendment as "inconsequential," and he has briefed the propriety of the court's striking of his November 12, 2015 second amended counterclaim. After reviewing the record, we conclude that the June 6, 2016 attempted amendment was disregarded as improper by the trial court. The defendant has not raised a claim of error regarding that action.