STATE OF CONNECTICUT *v.* MICHAEL FRANKLIN
(AC 28483)

Bishop, Lavine and Borden, Js.

Argued April 20—officially released June 23, 2009

*Laljeebhai R. Patel,* for the appellant (defendant).

*Raheem L. Mullins,* deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attorney, and *Richard Colangelo,* senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Michael Franklin, appeals from the judgment of conviction, rendered after

a jury trial, of assault in the first degree as an accessory in violation of General Statutes §§ 53a-59 (a) (5) and 53a-8. On appeal, the defendant claims that the evidence was insufficient to support his conviction. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On May 30, 2005, at approximately noon, the victim, Elliott Snider, and his friend, Patrick Priest, witnessed a fight between two men at Neon Park in Norwalk. One of the men involved in the fight, Carlos,[1] who was from the same section of town as the defendant, ended up on the ground bleeding. While the victim attempted to break up the fight, the defendant arrived with Eugene Davis, his codefendant. Davis and the defendant argued with the victim over what they perceived as the victim's participation in the beating of Carlos. Despite the victim's attempts to clarify that he was trying to break up the fight, the defendant and Davis angrily left the park with Carlos. The victim remained at the park with Priest.

Shortly thereafter, Davis and the defendant returned to the park driving a black Acura. Davis got out of the driver's side of the vehicle, accusing the victim of having "a problem" with his friend, Carlos. The victim again attempted to explain that he did not have a problem with Carlos when the defendant emerged from the passenger side of the vehicle with a bandana covering his face and a gun in his hand. The defendant chased the victim through the park and fired four to five gunshots at him, one of which pierced the victim through his right buttocks and came out through his hip. The defendant then got back into the black Acura and drove away with Davis. The victim was transported by ambulance to a hospital where he remained for two days.

---

[1] The surname of Carlos is not apparent from the record.

The defendant and Davis were subsequently arrested. The defendant was charged with two counts of assault in the first degree as an accessory in violation of §§ 53a-59 (a) (5) and 53a-8 and two counts of commission of a class A, B or C felony with a firearm in violation of General Statutes § 53-202k. The defendant was also charged with being a persistent felony offender pursuant to General Statutes § 53a-40 (f). The jury found the defendant guilty of one count of assault in the first degree, the commission of a class A, B or C felony with a firearm and of being a persistent felony offender. He was sentenced to a total effective term of eight years incarceration and five years special parole. This appeal followed.

On appeal, the defendant claims that the evidence was insufficient to support his conviction. Specifically, the defendant claims that the victim's testimony was inconsistent and unreliable and that certain evidence was admitted improperly. Neither of these claims is actually a sufficiency of the evidence claim. The first asks this court to examine the credibility of a witness. Because it is the sole province of the trier of fact to assess the credibility of witnesses, it is not our role to second-guess such credibility determinations. *State* v. *Linarte*, 107 Conn. App. 93, 107, 944 A.2d 369, cert. denied, 289 Conn. 901, 957 A.2d 873 (2008).

The following additional facts are relevant to the defendant's second claim. Unbeknownst to the victim, William Dickey witnessed the shooting. The victim had seen Dickey in the park earlier in the day but did not see him at the time of the shooting. Approximately one month after the shooting, Dickey, who was being held at the Norwalk police station on unrelated narcotics charges, provided a written and an audiotaped statement in which he indicated that he had seen the defendant shoot the victim. At trial, Dickey recanted his statement and claimed that he never saw the shooting;

he claimed that he had only heard about it. Thus, Dickey's written statement was admitted at trial, after redaction, without objection, pursuant to *State* v. *Whelan*, 200 Conn. 743, 753, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986).[2]

The defendant now claims, for the first time on appeal, that Dickey's statement should not have been admitted into evidence because, in violation of *Giglio* v. *United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), the police allegedly promised Dickey that he would be released from jail if he provided the statement. This claim fails for two reasons. First, it is well established that we do not review evidentiary claims raised for the first time on appeal. See *State* v. *Jose G.*, 290 Conn. 331, 341 n.8, 963 A.2d 42 (2009). Second, the defendant conceded, at trial and at oral argument before this court, that Dickey's statement was admitted properly pursuant to *Whelan*. Thus, he waived his right to raise this claim on appeal.

The judgment is affirmed.

---

[2] In *State* v. *Whelan*, supra, 200 Conn. 753, our Supreme Court determined that an out-of-court statement is admissible as substantive evidence if (1) the statement is a prior inconsistent statement, (2) it is signed by the declarant, (3) the declarant has personal knowledge of the facts stated therein and (4) the declarant testifies at trial and is subject to cross-examination. See also Conn. Code Evid. § 8-5 (1).