******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

TOWN OF GLASTONBURY *v.* JOHN ALAN
SAKON ET AL.
(AC 39907)

Bright, Moll and Sullivan, Js.

*Syllabus*

The plaintiff town of Glastonbury sought to foreclose municipal tax liens
on certain real property owned by the defendant S. The trial court
rendered judgment of foreclosure by sale and awarded attorney's fees
to the town. Following a hearing on S's motion for reconsideration as
to the issue of attorney's fees, the court found that although the fees
requested were unusually high for an action to foreclose tax liens, the
fees here were reasonable given the number of nearly frivolous filings
by S, which caused the present action to remain pending for years. The
court entered an order confirming the initial amount of attorney's fees
it had previously awarded, and S appealed to this court, claiming that
the total award of attorney's fees was unreasonable when compared to
the amount of the tax liens at issue in the present case and to attorney's
fees awarded in similar tax lien foreclosure cases. *Held* that the trial
court did not abuse its discretion in determining the amount of attorney's
fees awarded to the town; the town was authorized by statute (§ 12-
193) to recover reasonable attorney's fees incurred in this foreclosure
action, the trial court conducted a full evidentiary hearing at which S
had the opportunity to testify on his own behalf and to elicit testimony
from W, the town's attorney, challenging the fees charged, and it properly
considered the evidence before it and the circumstances of the underly-
ing foreclosure action, including W's affidavit, the billing records from
W's law firm, and the high number of filings and extensive history of
the case, and this court would not disturb the trial court's determination
that W testified credibly.

Argued May 17—officially released August 28, 2018

*Procedural History*

Action to foreclose municipal tax liens on certain
real property owned by the named defendant, and for
other relief, brought to the Superior Court in the judicial
district of Hartford, where the court, *Robaina, J.*,
granted the plaintiff's motion for summary judgment as
to liability only; thereafter, the court, *Dubay, J.*, ren-
dered judgment of foreclosure by sale and awarded
attorney's fees to the plaintiff; subsequently, the court,
*Dubay, J.*, granted the named defendant's motion to
reconsider only as to the issue of attorney's fees; there-
after, the court, *Dubay, J.*, entered an order confirming
the initial amount of attorney's fees awarded, and the
named defendant appealed to this court. *Affirmed.*

*John Sakon*, self-represented, the appellant (named
defendant).

*Latonia C. Williams*, with whom was *Patrick M.
Fahey*, for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. In this tax lien foreclosure action,[1] the defendant John Alan Sakon[2] appeals from the judgment of the trial court granting the plaintiff's request for attorney's fees and costs. On appeal, the defendant claims that the attorney's fees awarded by the court were excessive and unreasonable. We conclude that the amount of attorney's fees awarded to the plaintiff did not constitute an abuse of discretion and, accordingly, affirm the judgment of the trial court.

This court's recent decision in the same matter, *Glastonbury* v. *Sakon*, 172 Conn. App. 646, 161 A.3d 657 (2017) (per curiam), sets forth the following facts: "The defendant is the record owner of two properties [described in the complaint as the Griswold Street property and the Main Street property, respectively,] in Glastonbury. The defendant failed to pay the property taxes on his properties for the years 2009, 2010, 2011, 2012, and 2013. As a result, the plaintiff, the town of Glastonbury, assessed tax liens against the defendant's properties for the unpaid real property taxes (tax liens).

"On November 6, 2012, the plaintiff commenced this action to foreclose on the 2009, 2010, and 2011 tax liens for the defendant's two properties by filing a two count complaint, in which each count pertained to one of the defendant's two properties. On August 27, 2013, the plaintiff filed a motion for default for failure to plead, which was granted on September 4, 2013. On December 10, 2013, the plaintiff filed a motion for judgment of foreclosure by sale. On December 18, 2013, the defendant filed his answer to the plaintiff's complaint, which contained six special defenses and seven counterclaims (original special defenses and counterclaims). On January 29, 2014, the defendant filed a motion to open the default, which was granted on February 10, 2014. On March 12, 2014, the plaintiff filed a motion to strike the original special defenses and counterclaims (first motion to strike).

"On August 13, 2014, the plaintiff filed an amended two count complaint, in which it additionally sought to foreclose on the 2012 and 2013 tax liens for the defendant's two properties and clarified its description of the defendant's properties (operative complaint).

"On November 21, 2014, the court, *Robaina, J.*, granted the plaintiff's first motion to strike. On December 10, 2014, the defendant filed a revised motion for reconsideration of the court's order granting the plaintiff's first motion to strike. On December 11, 2014, the defendant filed an amended answer in response to the operative complaint, which contained special defenses and counterclaims that were substantially similar to those raised in his original answer (amended special defenses and counterclaims). On December 24, 2014, the plaintiff filed a motion to strike the defendant's

amended special defenses and counterclaims (second motion to strike).

"On December 29, 2014, the court denied the defendant's revised motion for reconsideration of the court's order granting the plaintiff's first motion to strike. On January 5 and 6, 2015, and February 4, 2015, the defendant filed motions for extension of time to file a substitute pleading pursuant to Practice Book § 10-44. On February 11, 2015, the defendant filed a substitute answer, in which he raised four special defenses and two counterclaims (substitute special defenses and counterclaims). On March 16, 2015, the court concluded that the second motion to strike [filed on December 24, 2014] was moot because '[t]he operative substitute special defenses and counterclaims are those filed on February 11, 2015.'

"On March 31, 2015, the plaintiff filed a motion to strike the substitute special defenses and counterclaims (third motion to strike) and a motion for judgment of nonsuit as to the counterclaims. On July 9, 2015, the court, *Vacchelli, J.*, applying the law of the case doctrine, granted the third motion to strike because the substitute special defenses and counterclaims 'all attempt the exact same challenges previously ruled to be legally insufficient' by the court on November 11, 2014. The court also entered default against the defendant as to his special defenses and a judgment of nonsuit against the defendant and in favor of the plaintiff with respect to the defendant's counterclaims.

"On July 24, 2015, the plaintiff moved for summary judgment as to liability on both counts of the operative complaint. On July 27, 2015, the defendant filed a motion for reconsideration of the court's order granting the plaintiff's third motion to strike, which was denied on August 12, 2015." (Footnote omitted.) Id., 648–50. The defendant subsequently filed an appeal from the court's ruling on the third motion to strike, and this court dismissed the appeal as to the special defenses and affirmed the trial court's ruling striking the counterclaims. See id., 659.

On January 4, 2016, Judge Robaina granted the plaintiff's motion for summary judgment as to liability only. On July 13, 2016, the plaintiff filed a motion for judgment of foreclosure by sale. The court, *Dubay, J.*, ordered a hearing for August 1, 2016, and, on that date, the defendant requested a continuance to allow him to subpoena the town's appraiser and the town's counsel, Latonia Williams, and additional time to hire an expert witness. The court continued the matter for one week to August 8, 2016.[3]

At the August 8, 2016 hearing, the court only heard argument on the motion for judgment of foreclosure by sale scheduled for that day. The plaintiff presented the most current appraisal of the subject properties and

an updated affidavit of attorney's fees requesting an award of counsel fees and costs of $68,982.22 for the first property and $65,997.21 for the second property. On the basis of the fair market values of the subject properties, the amount of debt due, and subsequent encumbrances on the properties, the court rendered judgment of foreclosure by sale and ordered attorney's fees in the amounts requested by the plaintiff. The defendant vigorously contested both the entry of the judgment of foreclosure by sale and the award of attorney's fees.

On August 26, 2016, the defendant filed a motion to reconsider the judgment of foreclosure by sale. On September 9, 2016, the court granted the defendant's motion to reconsider only as to the issue of attorney's fees. At the hearing on the motion to reconsider on October 7, 2016, the defendant called Attorney Williams to testify regarding the reasonableness of the attorney's fees requested and, in response to the defendant's subpoena, Attorney Williams produced the billing records of the law firm of Shipman & Goodwin, LLP, related to the present case. The defendant then testified on his own behalf, and the court took the matter under consideration.[4] On October 24, 2016, in a written memorandum of decision, the court entered an order finding the attorney's fees awarded to the plaintiff in the foreclosure action reasonable. The court made the following findings:

"1. The time records/billable hours were entered contemporaneously with the services rendered by counsel.

"2. [The] defendant produced no credible evidence to call into question the hours claimed.

"3. The attorney's fees, though unusually high for an action to foreclose tax liens, are reasonable given the number of nearly frivolous filings by the defendant, which caused this action to remain pending for years.

"4. [The] defendant had the opportunity to, but did not, file timely objection to the affidavit of attorney's fees submitted during the initial/underlying action.

"5. [The] defendant had a full opportunity to be heard and to examine and/or present witnesses.

"6. The court fully credits the testimony of Attorney Williams.

"Attorney's fees and costs in the amount of $68,982.22 are awarded in connection with the Griswold Street property and $65,997.21 for the Main Street property."

On appeal, the defendant claims that the court abused its discretion as to the amount of the attorney's fees that it awarded.[5] Specifically, the defendant argues that the total award of $140,479.43 in attorney's fees is unreasonable when compared to the amount of the tax liens at issue in the present case and to attorney's fees awarded in similar tax lien foreclosure cases. The plain-

tiff counters that the award of attorney's fees was reasonable because the trial court record is replete with motions and pleadings filed by the defendant to delay the instant proceedings. We agree with the plaintiff and conclude that the court did not abuse its discretion in determining the amount of attorney's fees it awarded.

We set forth the standard of review and applicable legal principles. "We review the reasonableness of the court's award of attorney's fees under the abuse of discretion standard. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of [the amount of attorney's fees awarded] is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion it did. . . . A court has few duties of a more delicate nature than that of fixing counsel fees. The issue grows even more delicate on appeal . . . for the trial court is in the best position to evaluate the circumstances of each case." (Internal quotation marks omitted.) *East Windsor* v. *East Windsor Housing, Ltd., LLC*, 150 Conn. App. 268, 275, 92 A.3d 955 (2014).

"Connecticut adheres to the American rule regarding attorney's fees under which successful parties are not entitled to recover attorney's fees in the absence of statutory or contractual authority to the contrary. . . . Thus, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a *statute* may confer such rights." (Emphasis in original; internal quotation marks omitted.) Id., 274. The plaintiff correctly argues that its right to recover attorney's fees in this case is statutory, rather than contractual, in nature. General Statutes § 12-181 et seq. authorizes a municipality to foreclose on outstanding municipal tax liens. See also Practice Book § 10-70 (setting forth elements municipality must allege and prove in tax lien foreclosure action). Additionally, General Statutes § 12-193 provides in relevant part: "Court costs, reasonable appraiser's fees, and reasonable attorney's fees incurred by a municipality as a result of any foreclosure action brought pursuant to [§] 12-181 or [§] 12-182 and directly related thereto shall be taxed in any such proceeding against any person or persons having title to any property so foreclosed and may be collected by the municipality once a foreclosure action has been brought pursuant to [§] 12-181 or [§] 12-182. . . ."

Because we conclude that § 12-193 authorizes the recovery of attorney's fees by the plaintiff, we next turn to the question of whether the court's award was reasonable. "The factors a court normally applies in determining a reasonable attorney's fee include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the

legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. . . . That list of factors is not, however, exclusive. The court may assess the reasonableness of the fees requested using any number of factors . . . ." (Internal quotation marks omitted.) *East Windsor* v. *East Windsor Housing, Ltd., LLC*, supra, 150 Conn. App. 275–76; see also Rules of Professional Conduct 1.5.

In the present case, the court conducted a full evidentiary hearing to reconsider the issue of attorney's fees; the defendant had the opportunity to elicit testimony from Attorney Williams challenging the fees and he also testified on his own behalf as to why he believed the fees were unreasonable.[6] The court properly considered the evidence before it and the circumstances of the underlying foreclosure action, including an updated affidavit from Attorney Williams detailing the fees requested, the billing records from Shipman & Goodwin, LLP, and the high number of filings and extensive history of the case. Additionally, the court credited the testimony of Attorney Williams, and we will not disturb the trial court's credibility determinations on appeal. See *LPP Mortgage, Ltd.* v. *Lynch*, 122 Conn. App. 686, 692, 1 A.3d 157 (2010) ("[a reviewing court] cannot retry the facts or pass upon the credibility of the witnesses" [internal quotation marks omitted]); see also *State* v. *Franklin*, 115 Conn. App. 290, 292, 972 A.2d 741 ("[b]ecause it is the sole province of the trier of fact to assess the credibility of witnesses, it is not our role to second-guess such credibility determinations"), cert. denied, 293 Conn. 929, 980 A.2d 915 (2009). In light of the foregoing, we cannot conclude that the court abused its discretion in awarding the attorney's fees requested by the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Since this action commenced over five years ago in November, 2012, there have been approximately 335 filings in this case. See *Glastonbury* v. *Sakon*, 172 Conn. App. 646, 161 A.3d 657 (2017) (per curiam).

[2] Several additional parties were named as defendants in this action, but they have not participated in this appeal. For the purposes of this opinion, any reference to the defendant is to John Alan Sakon only.

[3] The court subsequently denied the application for issuance of subpoena as to the town's appraiser, but authorized the issuance of a subpoena compelling Attorney Williams' appearance and requesting all records and documents relating to the foreclosure actions. The clerk issued a subpoena to Attorney Williams on August 3, 2016. The plaintiff unsuccessfully moved to quash the subpoena, but the court limited the scope of the subpoena and allowed the plaintiff to redact the portions of the billing records that were protected by the attorney work product doctrine or the attorney-client privilege.

[4] While the issue of attorney's fees was pending, the defendant filed a motion to open the judgment of foreclosure on October 14, 2016. The court denied the motion on December 12, 2016. Additionally, on November 14, 2016, the committee of sale filed a motion to award interim committee's fees and expenses in connection with the cancelled foreclosure sale, totaling $3962.85, which the court granted on December 2, 2016.

[5] The defendant spends the majority of his principal appellate brief attempting to challenge the judgment of foreclosure by sale. We briefly review the procedural posture of this appeal to clarify those issues that are not properly before this court on appeal. The defendant filed his initial appeal (AC 38413) on September 15, 2015, challenging the court's order of default judgment as to his special defenses and a judgment of nonsuit as to his counterclaims. Thereafter, on August 8, 2016, the trial court rendered a judgment of foreclosure by sale on the two properties at issue in this case. On October 14, 2016, the defendant amended his appeal to include the August 8, 2016 foreclosure judgment. The plaintiff filed a motion with this court to dismiss the first amended appeal as untimely. The defendant then amended his appeal a second time to include the October 24, 2016 granting of attorney's fees. The plaintiff did not file a motion to dismiss the second amended appeal. On December 7, 2016, this court dismissed the defendant's first amended appeal as untimely and ordered, sua sponte, that the second amended appeal be briefed and considered separately.

The second amended appeal was assigned a new docket number (AC 39907) and stayed pending the trial court's ruling on the defendant's motion to open, which was denied on December 12, 2016. See footnote 4 of this opinion. Subsequently, the defendant amended AC 39907 on two separate occasions, indicating that he again intended to challenge the August 8, 2016 judgment of foreclosure by sale, as well as the December 12, 2016 denial of his motion to open and the award of interim fees to the committee of sale. The plaintiff filed a motion to dismiss the portions of AC 39907 challenging the August 8, 2016 judgment. On February 8, 2017, this court granted the motion to dismiss that portion of the defendant's amended appeal in AC 39907 challenging the August 8, 2016 judgment of foreclosure by sale as untimely. This court also ordered, sua sponte, that the portions of the subsequent amendments to AC 39907 challenging the August 8, 2016 judgment be dismissed. Accordingly, the only issues properly before this court are the October 24, 2016 award of attorney's fees, the court's denial of the defendant's motion to open on December 12, 2016, and the court's award of interim fees to the committee of sale.

Additionally, we determine that the defendant has abandoned the issues of whether the trial court abused its discretion in denying his motion to open on December 12, 2016, and awarding interim fees to the committee of sale. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Kelib* v. *Connecticut Housing Finance Authority*, 100 Conn. App. 351, 353, 918 A.2d 288 (2007). Here, the defendant's brief is bereft of any meaningful legal analysis of these issues and, therefore, provides this court with an insufficient basis for appellate review.

[6] Additionally, the defendant's argument that the court should have allowed him an "accommodation to arrange [an expert witness'] testimony" is without merit. Our case law is clear that expert testimony is not required for a court's assessment of the reasonableness of attorney's fees. "[Trial] courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described. . . . Because of this general knowledge, [t]he court [is] in a position to evaluate the complexity of the issues presented and the skill with which counsel had dealt with these issues. . . . Therefore, [n]ot only is expert testimony not required, but such evidence, if offered, is not binding on the court." (Citations omitted; footnote omitted; internal quotation marks omitted.) *St. Onge, Stewart, Johnson & Reens, LLC* v. *Media Group, Inc.*, 84 Conn. App. 88, 93–94, 851 A.2d 1242, cert. denied, 271 Conn. 918, 859 A.2d 570 (2004). The trial court expressly found that the defendant "had a full opportunity to be heard and/or present testimony" where he had notice of the hearing and was able to present his own testimony and the testimony of Attorney Williams at that hearing. Accordingly, we conclude that the court did not abuse its discretion

in denying the defendant's request for an accommodation for an expert witness.

---