******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN LOCKHART *v.* NAI ELITE, LLC, ET AL.
(AC 44273)

Suarez, Clark and Pellegrino, Js.

*Syllabus*

The plaintiff sought to recover unpaid commissions and hourly wages from the defendants pursuant to the applicable statutes (§§ 31-72 and 31-68). The defendants raised three special defenses and filed a five count counterclaim. Following a trial to the court, judgment was rendered in favor of the plaintiff as to his claims under § 31-72 and as to the defendant's counterclaim, but in favor of the defendant as to the plaintiff's claims under § 31-68. The trial court determined that the plaintiff was entitled to recover reasonable attorney's fees, and subsequently awarded the plaintiff the full amount of attorney's fees that he had sought. The defendants appealed to this court, claiming that the award of attorney's fees was excessive and unreasonable given that the plaintiff was only partially successful on his claims. *Held* that the trial court did not abuse its discretion in awarding the plaintiff the full amount of his attorney's fees: the court considered all twelve of the discretionary factors normally applied in determining a reasonable attorney's fee, and determined that the amount of the award sought by the plaintiff was reasonable, as the plaintiff not only prevailed on his case-in-chief but also successfully defended against three special defenses and a five count counterclaim; moreover, although the plaintiff did not prevail on all of his claims, all of his claims were interrelated.

Argued October 20—officially released December 14, 2021

*Procedural History*

Action to recover damages for nonpayment of wages, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the defendants filed a counterclaim; thereafter, the matter was tried to the court, *Dubay, J.*; subsequently, the court, *M. Taylor, J.*, rendered judgment in part for the plaintiff on the complaint and for the plaintiff on the counterclaim; thereafter, the court, *M. Taylor, J.*, granted the plaintiff's application for attorney's fees, and the defendants appealed to this court. *Affirmed.*

*David L. Gussak*, for the appellants (defendants).

*Andrew L. Houlding*, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. This appeal arises from an action instituted by the plaintiff, John Lockhart, against the defendants, NAI Elite, LLC (NAI Elite), and Carl Berman.[1] In that action, the plaintiff asserted claims for the collection of unpaid commissions under General Statutes § 31-72, and hourly minimum and overtime wages under General Statutes § 31-68, and sought double damages, attorney's fees, and damages for duress. The defendants raised three special defenses[2] and filed a counterclaim asserting claims of breach of contract, tortious interference, conversion, and violation of General Statutes § 52-564, and seeking, pursuant to Practice Book § 17-54, an order of the court declaring, inter alia, the rights and liabilities of the parties and that the plaintiff is not entitled to a commission on the relevant transactions. A bench trial was held on the plaintiff's complaint and the defendants' special defenses and counterclaim. After the conclusion of the trial, and while awaiting posttrial briefs, the trial judge, *Dubay, J.*, unexpectedly died. Pursuant to General Statutes § 51-183f, the matter was assigned to a successor judge, *M. Taylor, J.*, for adjudication on the record. After reviewing the record, transcripts, exhibits, and briefs, the trial court found in favor of the plaintiff on his claim for unpaid commissions under § 31-72 and for attorney's fees, but determined that he was not entitled to unpaid minimum and overtime wages under § 31-68 and could not prevail on his claims for duress or double damages. The court rejected the defendants' special defenses. The trial court rendered judgment in favor of the plaintiff on his claims for unpaid commissions and attorney's fees, and with respect to all counts of the defendants' counterclaim.

The plaintiff subsequently filed an application for an award of attorney's fees, claiming that he had incurred attorney's fees in the amount of $68,831.24. The court granted the plaintiff's application for an award of attorney's fees, concluding that "the plaintiff should be made whole by requiring the defendant[s] to pay for his attorney's fees, which the court finds reasonable, but not punitive." The defendants then brought the present appeal from the trial court's judgment in favor of the plaintiff and the award of attorney's fees. On appeal, the defendants originally claimed that the court erred by (1) finding that the plaintiff was entitled to pursue an action under § 31-72, (2) concluding that the defendants produced insufficient evidence to offset the amount of the plaintiff's commission, (3) concluding that the plaintiff met the burden of "the so-called 'ABC Test,'" and (4) awarding excessive and unreasonable attorney's fees to the plaintiff. At oral argument before this court, the defendants withdrew all of their claims except for their claim of excessive attorney's fees. We conclude that the amount of attorney's fees awarded to the plain-

tiff did not constitute an abuse of discretion and, accordingly, affirm the judgment of the trial court.

"We set forth the standard of review and applicable legal principles. We review the reasonableness of the court's award of attorney's fees under the abuse of discretion standard. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of [the amount of attorney's fees awarded] is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion it did. . . .

"The factors a court normally applies in determining a reasonable attorney's fee include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. . . . That list of factors is not, however, exclusive. The court may assess the reasonableness of the fees requested using any number of factors . . . ." (Citations omitted; internal quotation marks omitted.) *Glastonbury* v. *Sakon*, 184 Conn. App. 385, 392–94, 194 A.3d 1277 (2018).

According to the defendants, the court's award of attorney's fees to the plaintiff is excessive because "[t]he court awarded . . . [only] 42 percent of the amount requested in the only two counts in which the plaintiff prevailed." Therefore, the defendants argue, "the fees requested by the plaintiff should be significantly modified to reflect the crucial factor of the results achieved weighed against the claims asserted." We conclude that the fact that the plaintiff was only partially successful on his claims does not demonstrate that the court abused its discretion in awarding the plaintiff the full amount of attorney's fees that he sought. In reaching this conclusion, we need only look to the court's order granting the plaintiff's application for an award of attorney's fees.

In his thorough and well reasoned order, Judge Taylor considered all twelve of the discretionary factors that are "normally applie[d] in determining a reasonable attorney's fee"; (internal quotation marks omitted) *Glastonbury* v. *Sakon*, supra, 184 Conn. App. 393; and concluded that the amount of the award sought by the plaintiff was reasonable. Specifically, with regard to the defendants' claim that the award was excessive, the

court stated: "[T]he plaintiff prevailed in his case-in-chief in a skillful manner, as well as defending against three special defenses and [a] five [count] [counter-claim]. Preparation for the trial appeared extensive and posttrial briefs were professionally prepared, thorough and lengthy. The fee was fixed at a discounted, hourly rate involving three days of trial. Although the plaintiff did not prevail on his alternative claims made pursuant to our minimum wage law, the court finds they were *related wage claims*, although novel and unavailing. The plaintiff did not prevail on the double damages provision of § 31-72, *also a related claim*, due to the defendants' subjective good faith in not paying wages owed. *The plaintiff's level of success on his interrelated claims was, therefore, substantial*." (Emphasis added.) Clearly, the court considered the fact that the plaintiff was only partially successful on his claims and found that because all of his claims were interrelated, he should be awarded attorney's fees for the entirety of his case. We find the reasoning behind the court's order to be both properly grounded in the law and reasonable, and, accordingly, we conclude that the court did not abuse its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Berman is the founder and managing director of NAI Elite.

[2] With respect to the special defenses, the defendants claimed that (1) "[u]nder the doctrine of estoppel, the plaintiff's claims are barred, in whole or in part, by the terms of the contract he signed with [NAI Elite]," (2) "the plaintiff's claims are barred, in whole or in part, by his own tortious acts and/or breaches of the [parties' employment agreement]," and (3) "the plaintiff's claims are barred, in whole or in part, by the release and waiver provisions contained in [the parties' termination agreement]."